**Domenic V. DiMAURO and Seda DiMauro, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 4249.**

United States District Court,
D. Delaware.

June 6, 1972.

Edward J. Wilson, Wilmington, Del., for plaintiffs.

Michael von Mandel, Dept. of Justice, Washington, D. C., and Norman Levine, Asst. U. S. Atty., Wilmington, Del., for defendant.

## OPINION

EDWIN D. STEEL, Jr., District Judge.

This is an action for the refund of self-employment social security taxes alleged to have been erroneously and illegally assessed against Seda DiMauro and paid by plaintiffs for the years 1965 and 1966 in the amounts of $259.20 and $405.90, respectively. The case was tried without a jury. After a consideration of the testimony, exhibits, briefs and arguments of counsel, the Court makes the following findings of fact and conclusions of law:

### Findings of Fact

Plaintiffs, Domenic V. DiMauro and Seda DiMauro were and are husband and wife who resided in Wilmington, Delaware at all relevant times. The Internal Revenue Service determined that self-employment social security taxes should have been paid by Seda for 1965 and 1966 as a self-employed person in a business designated DiMauro's Apparel Shop. This is a children's apparel shop located in the plaintiffs' residence at 813 North DuPont Street, Wilmington, Delaware.

The deficiencies in social security self-employment taxes for 1965 and 1966 were assessed on October 25, 1968 by the Internal Revenue Service by treating Domenic and Seda as equal partners in the business. The taxes were paid in full on November 12, 1968.

Claims for refund were timely filed on April 2, 1970, for the years 1965 and 1966 in the respective amounts of $259.-20 and $405.90, the full amount of the assessments.

On or about October 14, 1971, this action was begun.

During 1965 and 1966 plaintiff, Domenic, was an employee of DiSabatino & Sons in Wilmington, Delaware. It was in the trade or business of construction. For twenty years Domenic had been a bricklayer.

DiMauro's Apparel Shop began business in March 1948. A "Certificate of Firm or Association" was filed in the Prothonotary's Office for New Castle County on April 1, 1948 by both plaintiffs which stated that they were the persons who comprised the business. This was the type of certificate filed by an entity (other than a corporation) desiring to do business under a fictitious name. It was customary for a firm, association, or partnership to file a certificate of this kind if it desired to do business under a fictitious name.

On December 26, 1952, plaintiffs wrote a letter to the Equitable Security Trust Company expressing a desire to open an account with the bank for "partnership funds" and requesting signature authorization for either of the two partners. The letter was signed by both Seda and Domenic, each designating him[her]self as a "general partner" of DiMauro's Apparel Shop.

Domenic had supplied Dun & Bradstreet with information that he and Seda were the partners in DiMauro's Apparel Shop. Domenic knew that the publication was used as a credit reference.

Plaintiff, Seda, filed individual Delaware income tax returns for 1965 and 1966 which showed that she had received $15,838.45 and $10,494.87, respectively, from DiMauro's Apparel Shop. These figures represented the entire profits from the shop for the two years in question. Similar individual returns were filed by Domenic for 1965 and 1966. These failed to show that he had received any income from DiMauro's Apparel Shop.

The individual Delaware income tax returns filed by plaintiffs for 1967 stated that the entire profit of the apparel shop in the amount of $13,819.77 was Seda's and that none was Domenic's.

In 1968 and 1969, the individual Delaware income tax returns of plaintiffs showed half of the profits of DiMauro's Apparel Shop to be Domenic's and half Seda's as partnership income.

In October 1967, Federal Internal Revenue Service Agent Schwartz audited the 1965 joint federal tax returns which had been filed by the DiMauros. He interviewed Seda. He never spoke to Domenic during the course of the audit. The audit entailed an examination of the apparel shop records. Seda explained them to Schwartz. She told Schwartz that she and Domenic went on business trips together and that she would not work for anyone else but herself. She said that she had opened the business shortly after she was married. Schwartz testified that Seda appeared to know the business and to be its owner.

Either one or both of the DiMauros testified that neither Domenic nor Seda had consented to Seda becoming a partner, that Domenic furnished all the capital for the business, wrote 85% of the checks signed on the business account, kept all bookkeeping and payroll records, filed all tax reports, bought the merchandise, set the prices for merchandise, made all major business and financial decisions, and fixed all discounts on merchandise. The record further shows that the Internal Revenue Service sent the DiMauro Apparel Shop mail to Domenic and that no federal tax returns were filed on a partnership basis.

In the light of other evidence in this case, the testimony of the DiMauros is not acceptable. It is the testimony of persons who had a dollar interest in the outcome of the litigation and was given at a time when it was to their advantage to show that Seda's status was solely that of a wife employed by her husband and to negate any idea of individual or partnership self-employment by Seda. It was more than counter-balanced by the other evidence which came into existence long before the self-employment tax liability became an issue. Upon the basis of that evidence the Court finds that during 1965 and 1966 Seda DiMauro was either the sole owner of the DiMauro Apparel Shop or she and her husband Domenic were equal partners in the business.

*Conclusions of Law*

Jurisdiction exists under 28 U.S.C. § 1346(a)(1).

A rebuttable presumption exists that the assessments of $259.20 and $405.90 for 1965 and 1966 were correct. The plaintiffs have the burden of showing that an error exists in the Commissioner's assessments. Psaty v. United States, 442 F.2d 1154, 1161 (3d Cir. 1971). The plaintiffs have failed to sustain that burden.

Plaintiffs claim that the income which was derived from the DiMauro Apparel Shop was "community income", that Seda did not exercise all the management and control of the trade or business, and that as a consequence under the instructions for social security self-employment tax all of the income of such trade or business must be considered the income of Domenic. The instructions relied upon by plaintiffs read as follows:

"Community Income—For the purpose of computing net earnings from self-employment, if any of the income from a trade or business is community income, all of the income from such trade or business is considered the income of the husband unless the wife exercises substantially all the management and control of the trade or business in which case all such income is considered the income of the wife."

The "community income" referred to in the instructions has to do with income derived under community property laws. This is shown by the terms of 26 U.S.C. § 1402(a)(5)(A). The income which Seda derived from DiMauro's Apparel Shop was not derived from community property within the meaning of the statute even though it may have been derived from jointly owned property.

Nor does 26 U.S.C. § 3121(b) (3) (A) exempt Seda from self-employment taxes since she was not in the employ of Domenic but rather was either the sole owner of the business or an equal partner with Domenic.

In 1965 and 1966, Seda received self-employment income for which she was liable under 26 U.S.C. § 1401 et seq.

The action will be dismissed.

So ordered.